UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA S. DANIELS,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.
_____/

Case No. 16-cv-10390

Paul D. Borman
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S PETITION FOR ATTORNEY FEES PURSUANT TO § 206(b) (ECF NO. 31)**

    This is a Social Security disability case. Following judicial review of an unfavorable administrative decision, this Court remanded this case for further administrative proceedings. On remand, the Administrative Law Judge issued a decision again denying Plaintiff's claim for benefits. Plaintiff appealed that decision, and that case was assigned to a different Judge in this District (Case No. 19-11782) (Ludington, J.), who again remanded the case for further administrative proceedings. Upon that court's remand, the Administrative Law Judge issued a favorable decision and awarded benefits. Plaintiff now brings a petition for attorney fees under 42 U.S.C. § 406(b) for her counsel's time for work performed in connection with

1

Plaintiff's appeal to this Court. (ECF No. 31, Plaintiff's Petition for Fees.)[1] For the reasons that follow, Plaintiff's Petition for attorney fees is DENIED.

## I. BACKGROUND

Plaintiff Melissa Daniels was denied disability benefits by the Social Security Administration and appealed to this Court for judicial review on February 3, 2016, with the help of her attorneys at Daley Disability Law, P.C. (ECF No. 1, Complaint.) On March 31, 2017, this Court granted Plaintiff's motion for summary judgment, denied Defendant's motion for summary judgment, reversed the decision of the Commissioner, and remanded this case to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF Nos. 27, 28.) On remand, the administrative law judge (ALJ) Timothy C. Scallen, issued a decision denying Plaintiff's claim for benefits for a second time.

Plaintiff again sought judicial review by filing a second action, Case No. 19-11782, which was assigned to District Court Judge Thomas L. Ludington. Plaintiff neglected to designate this second action as a companion case as required by this Court's local rules, E.D. Mich. L.R. 83.11(b)(7)(A)(iii), (C). Upon stipulation of the

---

[1] Plaintiff's counsel has also filed a Petition for Fees in the second case, Case No. 19-11782 (Ludington, J.).

parties, the case was again remanded by that Court to the Commissioner for further proceedings, with instructions to remand to a different ALJ.

Upon remand by Judge Ludington, the newly-assigned ALJ determined on April 22, 2021 that Plaintiff is disabled and awarded a period of disability commencing October 7, 2011, with entitlement to benefits starting April 2012. Plaintiff was awarded $160,504.52 in total past-due benefits. Of this amount, $40,126.13, representing 25% of the award, was withheld for the direct payment of an attorney fee by the Social Security Administration. (ECF No. 31, Petition for Fees, PageID.597, citing ECF No. 31-1, SSA Notice of Award, PageID.608-12.)

Based on this award of past due benefits in April 2021, Plaintiff now separately seeks an award of attorney's fees pursuant to 406(b) in both this case and in Judge Ludington's case, Case No. 19-11782.

Plaintiff filed a Petition on June 1, 2021, requesting fees in the amount of $11,581.75 for time spent working on this case in 2016 and 2017. (Petition at PageID.597.) Plaintiff represents that she was approved for an EAJA award in the amount of $5,620.28 in this case, but that this fee was confiscated to offset Plaintiff's federal debt, and thus Plaintiff's counsel received no EAJA fee. (*Id.*) Defendant filed a Response to the Petition on July 6, 2021, stating that it has no objection to an award

3

of fees, so long as the amount awarded does not exceed Plaintiff's request for $11,581.75. (ECF No. 33, Def.'s Resp.)²

## II. STANDARD

The Social Security Act addresses attorney's fees pursuant to 42 U.S.C. § 406 separately for the administrative and judicial review stages: (1) § 406(a) governs fees for representation in administrative proceedings under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; and, (2) § 406(b) controls fees for representation in court. *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019). "Social Security claimants pay section 406(b) fees out of their benefits – benefit payments that would otherwise go into their pockets – whereas the government must pay EAJA fees independent of the benefits award." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016). "Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

---

² In the case before Judge Ludington, Plaintiff filed a Petition on June 17, 2021, seeking an award of $17,752.50 for time spent working on that case in 2019 and 2020. (Case No. 19-11782, ECF No. 27, Petition, PageID.869.) Plaintiff represents that she received compensation in that case in the amount of $5,259.55 under the EAJA, and that she would refund that amount to Plaintiff if awarded the § 406(b) fees sought in the petition. (*Id.* PageID.869, 877.)

4

Section 406(b) of the Social Security Act authorizes the Court to award attorney's fees following the successful disposition of a Social Security disability appeal. The statute provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of *its judgment* a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled *by reason of such judgment* ...

42 U.S.C. § 406(b)(1)(A) (emphases added).

### III.   ANALYSIS

The issue in this case – a plaintiff seeking fees under § 406(b) in <u>two separate court actions</u> from the <u>same</u> past-due benefits awarded only as a result of the second action – very recently came up in a case before another court in this District, also involving the same plaintiff's law firm, in *Waderlow v. Saul*, No. 19-11871, 2021 WL 1811558 (E.D. Mich. May 6, 2021) (Michelson, J.). In that case:

> Plaintiff Madelyn Waderlow was denied disability benefits by the Social Security Administration and appealed to federal district court in 2014 with the help of her attorneys at Daley Disability Law. District Judge Robert H. Cleland remanded that case to an administrative law judge (ALJ), who denied Waderlow's application for a second time. Waderlow sought review again by filing this action. She neglected to designate it as a companion case as required by this Court's local rules. After the parties agreed to remand the case to the Commissioner of Social Security, an ALJ determined that Waderlow is disabled under the Act, and the Social Security Administration awarded her prospective and retroactive benefits. Waderlow, through her attorney

> Meredith Marcus of Daley Disability Law, now petitions the Court for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

*Waderlow*, 2021 WL 1811558, at *1. Judge Michelson noted that "[t]he Court must first address the unusual circumstance that Waderlow is requesting in this motion fees not only for this second appeal, but also for her first federal court appeal before Judge Cleland." *Id.* at *2. The Court explained that "Waderlow already had the opportunity to recover any fees she was entitled to in the prior case before Judge Cleland. In fact, in that case Waderlow was awarded $3,831 in attorney's fees and costs under the EAJA. *See Waderlow v. Berryhill*, Case No. 17-11875, ECF No. 22 (E.D. Mich. Feb. 21, 2018)." *Id.* The Court then found:

> Absent any controlling authority provided by Waderlow, the Court finds that she is not entitled to recover in this case additional fees for her prior case before Judge Cleland. The Social Security Act only authorizes fees for federal-court representation when the claimant is awarded past-due benefits "*by reason of such judgment*" of the court. 42 U.S.C. § 406(b)(1)(A). The remand in Judge Cleland's case resulted in a denial of benefits by the ALJ. So had Waderlow not again appealed, she would not have been awarded past-due benefits, and her attorneys would not be entitled to 25 percent of anything. It is only because Waderlow again appealed, and only because of a separate remand by *this* Court, that Waderlow was awarded past-due benefits. So Waderlow is not permitted to seek fees under § 406(b) for work done in connection with Judge Cleland's case.

*Id.*

The Court finds this reasoning highly persuasive to its analysis of Plaintiff's petition for fees in this case. As in *Waderlow*, Plaintiff's counsel failed to identify

6

the second-filed case, assigned to Judge Ludington, as a companion case to this Court's case. Also, as in *Waderlow*, the remand from this Court resulted in a denial of benefits by the ALJ, and had Plaintiff not again appealed that denial, she would not have been awarded past-due benefits, and her attorneys would not be entitled to 25% of anything. It was only because Plaintiff did again appeal, and only because of a separate remand by Judge Ludington, that Plaintiff was awarded past due benefits. Thus, applying the well-reasoned rationale in *Waderlow*, Plaintiff's petition for attorney's fee in this case is denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Petition for Attorney Fees Pursuant to § 206(b)(1) (ECF No. 31) is DENIED.

IT IS SO ORDERED.

Dated: July 19, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge