UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA S. DANIELS,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

_____/

Case No. 16-cv-10390

Paul D. Borman
United States District Judge

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO ALTER/AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) (ECF NO. 35)

This is a Social Security disability case. On July 19, 2021, this Court denied Plaintiff's petition for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 34, Opinion and Order.) In denying the fee request, the Court noted that the remand from this Court to the Administrative Law Judge (ALJ) resulted in a denial of benefits by the ALJ, and that it was only after Plaintiff again appealed that denial, in a second-filed case assigned to a different district court judge, and only after that second court issued a separate remand, that Plaintiff was eventually awarded past due benefits. Accordingly, the Court found that Plaintiff was not entitled to fees under § 406(b) for work done in this case.

Now before the Court is Petitioner Meredith Marcus's (the attorney for Plaintiff Melissa Daniels) Motion to Alter/Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). (ECF No. 35, Pet.'s Motion.) Petitioner asserts that the Court's July 19, 2021 Opinion and Order was based on clear errors of fact and law, and she requests that the Court's decision be altered to approve Petitioner's request for fees for work performed in connection with Plaintiff's appeal to this Court. For the reasons that follow, Petitioner's motion is DENIED.

## I.  BACKGROUND

Plaintiff Melissa Daniels was denied disability benefits by the Social Security Administration and appealed to this Court for judicial review on February 3, 2016, with the help of her attorneys at Daley Disability Law, P.C. (ECF No. 1, Complaint.) On March 31, 2017, this Court granted Plaintiff's motion for summary judgment, denied Defendant's motion for summary judgment, reversed the decision of the Commissioner, and remanded this case to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF Nos. 27, 28.) On remand, the administrative law judge (ALJ) Timothy C. Scallen, issued a decision denying Plaintiff's claim for benefits for a second time.

Plaintiff again sought judicial review by filing a second action, Case No. 19-11782, which was assigned to District Court Judge Thomas L. Ludington. Plaintiff

2

neglected to designate this second action as a companion case as required by this Court's local rules, E.D. Mich. L.R. 83.11(b)(7)(A)(iii), (C). Upon stipulation of the parties, the case was again remanded by that court to the Commissioner for further proceedings, with instructions to remand to a different ALJ.

Upon remand by Judge Ludington, the newly-assigned ALJ determined on April 22, 2021 that Plaintiff is disabled and awarded a period of disability commencing October 7, 2011, with entitlement to benefits starting April 2012. Plaintiff was awarded $160,504.52 in total past-due benefits. Of this amount, $40,126.13, representing 25% of the award, was withheld for the direct payment of an attorney fee by the Social Security Administration. (ECF No. 31, Petition for Fees, PageID.597, citing ECF No. 31-1, SSA Notice of Award, PageID.608-12.)

Based on this award of past due benefits in April 2021, Plaintiff separately sought an award of attorney's fees pursuant to 406(b) in both this case and in Judge Ludington's case, Case No. 19-11782.

On July 19, 2021, this Court denied Plaintiff's petition for attorney fees. (ECF No. 34, Opinion and Order at p. 7, PageID.632.) This Court noted that Section 406(b) of the Social Security Act authorizes the Court to award attorney's fees following the successful disposition of a Social Security disability appeal. The statute provides, in pertinent part:

3

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of *its judgment* a reasonable fee *for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled *by reason of such judgment* ...

42 U.S.C. § 406(b)(1)(A) (emphases added). Accordingly, fees are only authorized for federal-court representation when the claimant is awarded past-due benefits "*by reason of such judgment*" of the court. The remand from this Court resulted in a denial of benefits by the ALJ. This Court explained that had Plaintiff not again appealed that denial, she would have not been awarded past-due benefits, and her attorneys would not be entitled to 25% of anything.

On August 3, 2021, Judge Ludington entered an order granting Plaintiff's motion for attorney fees in the case before him. (Case No. 19-11782, ECF No. 30.) Judge Ludington noted, however, that neither Plaintiff nor the Government informed him about the earlier case before this Court, and stated that "counsel's behavior in seeking double attorney fees in both cases is concerning. However, because Judge Borman already denied Plaintiff's request, counsel is not receiving a double reward for their effort." (*Id.* at p. 3, PageID.904.) The court awarded the plaintiff's counsel $17,752.50 for attorney fees, which it found to be "generous but reasonable compensation" for the work done in that case. (*Id.* at pp. 4-5, PageID.905-06.)

4

On August 16, 2021, Petitioner Meredith Marcus filed the Motion to Alter/Amend Judgment Pursuant to Fed. R. Civ. P. 59(2) now before the Court. (ECF No. 35, Pet.'s Mot.) Petitioner contends that the Court "has made a decision outside the adversarial issues presented to the court and [which] contains clear errors of fact and law." (*Id.* at pp. 2-3, PageID.634-35.) Petitioner argues two grounds: (1) that the "lack of designation" of Plaintiff's second case as a companion case to this one should not be grounds for denial of a fee, and (2) that fees are compensable in this case under § 406(b) because Plaintiff could not have been able to make the second appeal without this Court's prior judgment.

Pursuant to this Court's Order Requiring Response (ECF No. 36), the Commissioner filed a Response to Petitioner's motion on September 13, 2021. (ECF No. 37, Def.'s Resp.) The Commissioner noted that because fees under § 406(b) are paid from the claimants' benefits, the plaintiff is the true party in interest and the "Commissioner … has no direct financial state in the answer to the § 406(b) question," and instead "plays a part in the [§406(b)] fee determination resembling that of a trustee for the claimants." (*Id.* citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).) The Commissioner contends that Petitioner's motion is governed by Fed. R. Civ. P. 60(b), because the Court's Opinion and Order denying fees is not

a judgment, and that Petitioner is not entitled to relief under that Rule because parties are not permitted to relitigate the merits of their claims.

On September 16, 2021, Petitioner filed a reply brief. (ECF No. 38, Pet.'s Reply.) Petitioner asserts that Rule 59(e) is implicated here because § 406(b) states that the fee determination is "part of its judgment," and that this is one of the "rare" cases where the rule should be applied to "ensur[e] that this Court fully apprehends the facts and context relating to [Plaintiff's] Petition for attorney's fees."

## II. STANDARDS

Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and a different disposition of the case would result from a correction of such defect. E.D. Mich. L.R. 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste.*

6

*Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Therefore, a motion that merely presents the same issues already ruled upon by the

Court shall not be granted. *Id.* A motion for reconsideration must be filed within 14

days after entry of the judgment or order. E.D. Mich. L.R. 7.1(h)(1).

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted

only if there is a clear error of law, newly discovered evidence, an intervening

change in controlling law, or to prevent manifest injustice. *Gencorp., Inc. v. Am.*

*Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court

to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to

raise arguments or present evidence that could have been raised prior to the entry of

judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11

C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, 127-28 (2d

ed. 1995)); *see also Kenneth Henes Special Projects Procurement v. Cont'l Biomass*

*Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Indus., Inc.*

*v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd*, 194 F. 3d 1339

(Fed. Cir. 1999)). "[A motion to alter or reconsider a judgment] 'is an extraordinary

remedy and should be granted sparingly because of the interests in finality and

conservation of scarce judicial resources.'" *In re J & M Salupo Dev. Co.*, 388 B.R.

795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. The Ltd. Inc.*,

179 F.R.D. 541, 547 (S.D. Ohio 1998), *aff'd*, 190 F.3d 729 (6th Cir. 1999)).

Rule 60(b) provides relief from judgment or order under the following

circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or
> vacated; or applying it prospectively is no longer equitable; or (6) any
> other reason that justifies relief.

Fed. R. Civ. P. 60(b). Although Rule 60(b)(6) permits a court to grant relief for "any

other reason that justifies" it, the rule applies only in "exceptional and extraordinary

circumstances not addressed by the first five subsections of Rule 60(b)," and "does

not allow a defeated litigant a second chance to convince the court to rule in his or

her favor by presenting new explanations, legal theories, or proof." *Jinks v.*

*AlliedSignal, Inc.*, 250 F.3d 381, 385, 387 (6th Cir. 2001); *see also McNeil v. United*

*States,* 113 F. App'x 95, 97-98 (6th Cir. 2004) ("A Rule 60(b) motion may be denied

if it's merely an attempt to relitigate previously decided issues.") (citation omitted).

The exceptional circumstances require "unusual and extreme situations where

8

principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990).

### III.    ANALYSIS

Petitioner's August 16, 2021 Motion to Alter/Amend Judgment seeks reconsideration of the Court's July 19, 2021 Opinion and Order Denying Plaintiff's Petition for Attorney Fees, which, as explained by another court in this District, is not a judgment. *See Davenport v. Comm'r of Soc. Sec.*, No. 10-11350, 2017 WL 526070, at *1 (E.D. Mich. Feb. 9, 2017) (Hood, C.J.) ("[T]he Court's September 28, 2015 Order regarding attorney fees … is not a Judgment."). To the extent the Court considers the motion as a motion for reconsideration, it is untimely under Local Rule 7.1(h)(1) since it was filed more than 14 days after the entry of the Court's July 19, 2021 Opinion and Order regarding fees.

However, considering Petitioner's motion, in the interest of justice, whether under Rule 59(e), Rule 60(b)(6), or E.D. Mich. LR 7.1(h), the Court finds that the motion must be denied. Petitioner does not present any new information that would warrant a different treatment of the Plaintiff's Petition for Attorney Fees, or identify a palpable defect by which the Court and the parties have been misled. Further, these Rules may not be used as a mechanisms to restate previous arguments that have already been rejected by the Court. Contrary to Petitioner's assertion, the Court did

not deny the petition for attorney fees as a "punishment" for Plaintiff's counsel's failure to designate the second-filed case before Judge Ludington as a companion case to this one. Rather, the Court instead made note of the failure to so designate. Judge Ludington similarly noted this failure in his Order. That failure was not cited as a basis for the denial of fees.

Second, Petitioner has failed to identify any error in the Court's analysis of Plaintiff's petition for fees and its finding that:

> as in *Waderlow* [*v. Saul*, No. 19-11871, 2021 WL 1811558 (E.D. Mich. May 6, 2021)], the remand from this Court resulted in a denial of benefits by the ALJ, and had Plaintiff not again appealed that denial, she would not have been awarded past-due benefits, and her attorneys would not be entitled to 25% of anything. It was only because Plaintiff did again appeal, and only because of a separate remand by Judge Ludington, that Plaintiff was awarded past due benefits. Thus, applying the well-reasoned rationale in *Waderlow*, Plaintiff's petition for attorney's fee in this case is denied.

(ECF No. 34, Opinion and Order at p. 7, PageID.632.) Thus, there is no legal basis to disturb the Court's July 19, 2021 Opinion and Order under the Federal Rules of Civil Procedure or the Local Rules of this Court.

## IV.   CONCLUSION

For the reasons set forth above, Petitioner's Motion to Alter/Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (ECF No. 35) is DENIED.

IT IS SO ORDERED.

Dated: October 25, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge